552 F.2d 564
 Henry HELSTOSKI, Appellant,
v.
Jonathan GOLDSTEIN, U. S. Attorney for the District of New
Jersey and the Office of the U. S. Attorney for
the District of New Jersey.
 No. 76-1956.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 22, 1977.
Decided March 28, 1977.
 
 Alfred A. Porro, Jr., Lyndhurst, N. J., for appellant.
 Jonathan L. Goldstein, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., on the brief, Newark, N. J., for appellees.
 Before BIGGS, ADAMS and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Henry Helstoski, former Congressman from Northern New Jersey, has appealed from an order of the district court, dismissing his action for money damages and equitable relief[1] against United States Attorney Jonathan Goldstein, members of Mr. Goldstein's staff, and the office of the United States Attorney. Since we have concluded that the district court erred in dismissing the complaint before any evidence was adduced, we reverse and remand.
 
 I.
 
 2
 Mr. Helstoski, who is presently under indictment for alleged violations of certain federal statutes, commenced his litigation on October 21, 1975. The suit was premised directly upon the First, Fourth, Fifth and Sixth Amendments. In his complaint, Mr. Helstoski avers that, for many years, the office of the United States Attorney for the District of New Jersey had been engaged in a systematic effort to discredit him and to destroy his political career. The complaint sets forth a variety of methods through which this purported effort has been carried forward. Among the practices alleged to have been engaged in by the office of the United States Attorney are abuses of the grand jury process, deliberate leaks to the press of false information, and illegal seizures of bank records.
 
 
 3
 Without filing an answer, the defendants moved the district court to dismiss the complaint for failure to state a claim. The district court granted the motion, essentially relying on the opinion of the Supreme Court in Imbler v. Pachtman,[2] which held prosecutors absolutely immune from civil rights suits in certain circumstances.[3] This appeal followed.
 
 II.
 
 4
 It is necessary, as a preliminary matter, to take account of the procedural posture of the case at the time of the district court's ruling, and to assess its impact on our scope of review. The district court dismissed Mr. Helstoski's complaint before any discovery was had and before any evidence was received. Under such circumstances, we must take all of the well pleaded allegations of the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any circumstances, the plaintiff might be entitled to any relief.[4] As the Supreme Court admonished in Scheuer v. Rhodes,[5] itself a case dealing with the question of immunity for government officials:[6]
 
 
 5
 When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims.
 
 
 6
 With these precepts in mind, we turn to the issue presented by this appeal.
 
 
 7
 Central to the district court's disposition was its interpretation of Imbler v. Pachtman.[7] In Imbler, the Supreme Court held that a state prosecutor was immune from monetary liability for civil rights violations allegedly committed in the course of "initiating a prosecution and presenting the state's case."[8] The Imbler Court specifically left unresolved the question whether the policies that mandated absolute immunity in that case extended to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate."[9]
 
 
 8
 In dismissing Mr. Helstoski's complaint, the district court expressed the belief that the rationale undergirding the immunity doctrine enunciated in Imbler applied with equal force to the allegations contained in the complaint here. We cannot agree with this proposition. Even if absolute prosecutorial immunity extends to the administrative and investigative functions of a United States Attorney, it is our opinion that certain paragraphs of Mr. Helstoski's complaint aver conduct which goes beyond the proper performance of these aspects of a prosecutor's job. We note, in particular, the several allegations of deliberate leaks by the prosecutor of false information concerning Mr. Helstoski in order to damage his political prospects. It would appear that such activity, if it occurred would lie outside of the rationale for absolute immunity set forth in Imbler. At most, it would be subject to a qualified good-faith immunity.
 
 
 9
 Thus, we conclude that the district court erred in dismissing the complaint. Our disposition, of course, indicates no opinion as to whether Mr. Helstoski's suit will ultimately prove meritorious.
 
 III.
 
 10
 The judgment of the district court will be reversed, and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Among the variety of specific relief sought by Mr. Helstoski was the enjoining of the allegedly illegal activities that were being performed by the office of the United States Attorney, the removal of all electronic surveillance, the discharge of the grand jury investigating Mr. Helstoski, and the removal of Mr. Goldstein and his associates from office
 
 
 [2]
 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)
 
 
 [3]
 We note that Mr. Helstoski has named the office of the United States Attorney as well as individuals in his complaint. Imbler discussed neither the liability nor immunity of such an entity in civil rights suits
 
 
 [4]
 See, e. g., Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Polite v. Diehl, 507 F.2d 119, 124 n.2 (3d Cir. 1974); Quinones v. United States, 492 F.2d 1269, 1273 (3d Cir. 1974); Curtis v. Everette, 489 F.2d 516 (3d Cir. 1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974), Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3d Cir. 1965)
 
 
 [5]
 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)
 
 
 [6]
 Id. at 236, 94 S.Ct. at 1686
 
 
 [7]
 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128
 
 
 [8]
 Id. at 431, 96 S.Ct. at 995
 
 
 [9]
 Id. at 430-431, 96 S.Ct. at 995. Imbler was a suit against a state prosecutor brought under 42 U.S.C. § 1983. In Brawer v. Horowitz, 535 F.2d 830, 834 (3d Cir. 1976), however, we held that public policy mandates that a similar immunity be extended to federal prosecutors in Bivens -type suits. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 Although Imbler spoke only to immunity from damage suits, this Court in Brawer held that such immunity also applies in suits seeking equitable relief. 535 F.2d at 834.