Joseph WILKINSON, Larry Erdman, Ismael Torres, Juan Maldonado, Alice Wallace, Anthony Chiango, Janice Wholey, James A. Scott, Nina Decosta, Harvey Felton, Catherine Rooney, Louise Covotta, Van Buren Sharpe, Gary Stein, Henry Johnson, Arthur Williams, Jr., Robert Jones, Barbara Seese, Carmella Viscuse, Marie Romanelli and Committee for Full Employment, on behalf of themselves and all others similarly situated

v.

Maurice ABRAMS, Chairman of Pennsylvania Unemployment Compensation Board of Review, James Breslin, Member of Pennsylvania Unemployment Compensation Board of Review, Joseph McAneny, Member of Pennsylvania Unemployment Compensation Board of Review, Ann Reeser, Secretary of Pennsylvania Unemployment Compensation Board of Review, Paul Smith, Secretary of Pennsylvania Department of Labor and Industry, John Clark, Executive Director of Bureau of Employment Security, W. J. Usery, Jr., Secretary of United States Department of Labor, and William H. Kolberg, Assistant Secretary for Employment and Training, United States Department of Labor, Employment and Training Administration.

Linda HOWER, Perry Mickey, Mary Duvall and Blanche Francis, on behalf of themselves and all others similarly situated

v.

Paul SMITH, Secretary of Pennsylvania Department of Labor and Industry, John Clark, Executive Director of Bureau of Employment Security, Maurice Abrams, Chairman of Pennsylvania Unemployment Compensation Board of Review, James Breslin, Member of Pennsylvania Unemployment Compensation Board of Review, Joseph McAneny, Member of Pennsylvania Unemployment Compensation Board of Review, Robert B. Lutz, Supervisor of Unemployment Compensation Referees, W. J. Usery, Jr., Secretary of United States Department of Labor, and William H. Kolberg, Assistant Secretary for Employment and Training, United States Department of Labor, Employment and Training Administration.

Civ. A. Nos. 76–1932, 76–2063.

United States District Court,
E. D. Pennsylvania.

Dec. 28, 1978.

William L. Botts, III, Central Pennsylvania Legal Services, Lancaster, Pa., H. David Kraut, Community Legal Services, Philadelphia, Pa., for plaintiffs.

Kathleen Herzog Larkin, Deputy Atty. Gen., Pa. Dept. of Justice, Harrisburg, Pa., for defendant.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of the federal defendants[1] in the above-captioned *Hower* and *Wilkinson* cases to dismiss both cases for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, each of these motions will be denied.

The *Hower* and the *Wilkinson* plaintiffs brought these actions, on behalf of themselves and all others similarly situated, to redress the denial of their statutory rights under Section 303(a)(1) of Title III (unemployment compensation) of the Social Security Act, 42 U.S.C. § 501, *et seq.*, and of their constitutional rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution which they allege have resulted from the defendants' failure to promptly schedule, hold and render final decisions from first- and second-level appeals of the plaintiffs and other persons who have been determined by the defendants to be ineligible for unemployment compensation benefits. The plaintiffs seek declaratory and injunctive relief with respect to the defendants' failure to implement "methods of [first- and second-level appeals] administration . . . reasonably calculated to insure full payment of unemployment compensation when due," as required by Section 303(a)(1) of the Social Security Act, 42 U.S.C. § 503(a)(1). The jurisdiction of this Court over the plaintiffs' claims against the federal defendants is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1361, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

By Order of this Court dated November 1, 1976, and pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2), the *Hower* case was designated a class action. The *Hower* class consists of those individuals who have now, or might in the future, request first-level administrative appeals (referee hearings) under the Pennsylvania Unemployment Compensation Act, 42 P.S. § 822, which grants an applicant the right to appeal an initial determination of unemployment compensation ineligibility by the Pennsylvania Department of Labor and Industry. By Order of this Court dated November 9, 1976, and pursuant to Fed.R.Civ.P. 23(a), 23(b)(2) and 23(c)(4)(B), the *Wilkinson* case was designated a class action. The *Wilkinson* class consists of those individuals who have now, or might in the future, take an appeal from an unfavorable decision at the first administrative appeals level to the second administrative appeals level pursuant to the Pennsylvania Unemployment Compensation Act.

The Commonwealth of Pennsylvania receives federal funds to aid in the administration of the state unemployment compensation program organized under the aegis of Titles III and IV of the Social Security Act, 42 U.S.C. § 501, *et seq.*, and § 1101, *et seq.* Before the Secretary of the United States Department of the Treasury ("Treasury Secretary") may certify the allocated disbursements of federal funds to the states, the Secretary of the United States Department of Labor ("Labor Secretary") must certify the amount of funding each state is to receive. The standards formulated and applied by the Labor Secretary in making his determination of a state's eligibility for certification are found in 20 C.F.R. 650.1, *et seq.* Regulation 650.3(a)(2) states that an unemployment compensation program will satisfy the requirements of Sections 303(a)(1) and (a)(3) of the Social Security Act, 42 U.S.C. § 503(a)(1) and (a)(3), if it processes applicants' requests for benefits "with the greatest promptness that is administratively feasible." Regulation 650.3(b) requires substantial compliance by the state with the statutory standards pro-

---

[1]. By Orders of this Court dated April 25, 1977, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation for Dismissal entered into between the *Hower* plaintiffs and the state defendants, and between the *Wilkin-* *son* plaintiffs and the state defendants were approved by this Court; and the claims of the plaintiffs and the class they represent against the state defendants were dismissed with prejudice.

mulgated by the Labor Secretary in order for the state to be eligible for certification by the Labor Secretary. The parameters of the term "substantial compliance" are enunciated in 20 C.F.R. 650.4. From 1972 until 1976, if a state failed to issue at least 75% of all first-level administrative appeals decisions within 30 days and at least 85% of all first-level appeals decisions within 45 days from the date of the filing of an appeal, then federal funding would terminate. In 1976, the Labor Secretary issued new regulations which require only 60% and 80% compliance, respectively. The Labor Secretary has not promulgated any regulations which establish percentage compliance requirements for second-level administrative appeals.

In their complaint, the *Hower* plaintiffs allege that the Labor Secretary's failure to issue regulations requiring that 100% of all intrastate first-level appeals be resolved within 30 days from the filing date, with payment made within 14 days from a determination of eligibility, has failed to insure that a state's method of administering its unemployment compensation program is reasonably calculated to insure prompt hearings, decisions and payment of benefits "when due," in violation of 42 U.S.C. § 503(a)(1) and (a)(3). The plaintiffs in the *Wilkinson* case allege that, by failing to promulgate any regulations whatsoever that would govern second-level administrative appeals, the Labor Secretary has violated the provisions of § 303(a)(1) and (a)(3) of the Social Security Act, 42 U.S.C. § 503(a)(1) and (a)(3). In addition, both the *Hower* and *Wilkinson* plaintiffs contend that the federal defendants' omissions in this case have violated their rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs request appropriate equitable and mandatory relief enjoining and/or compelling defendants to adopt new regulations which would establish a 100% compliance standard for both first- and second-level administrative appeals.

In support of their Fed.R.Civ.P. 12(b)(6) motion to dismiss the federal defendants rely on four major propositions. First, they argue that the settlement agreement entered into between the plaintiffs and the state defendants fully protects the plaintiffs' rights, alleviates any injury that the plaintiffs may have suffered and renders moot the plaintiffs' claims against the federal defendants. Second, the federal defendants contend that the Labor Secretary's statutory duty to insure substantial compliance with Title III of the Social Security Act does not run to the plaintiffs but only runs directly to the states. Third, the federal defendants claim that the regulations promulgated by the Labor Secretary are mere guidelines and not hard and fast rules and that the finding of "substantial compliance" is left to the Labor Secretary's discretion. Last, the federal defendants argue that the administrative rule-making process is within the discretion of the administrative agencies and that federal courts should not become involved in this process.

In ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept as true all well-pleaded allegations of the complaint, construing them in a light most favorable to the plaintiff. *Scheur v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977); accord, *Husbands v. Comm. of Pa.,* 359 F.Supp. 925 (E.D.Pa. 1973). All well-pleaded allegations of the complaint are taken as admitted, and the Court's inquiry must be directed to whether the allegations in the complaint constitute a cause of action under Fed.R.Civ.P. 8(a). Wright & Miller, *Federal Practice and Procedure,* § 1357. The Court must construe the complaint liberally and resolve all doubts in favor of the plaintiff. *Bulkin v. Western Kraft East, Inc.,* 422 F.Supp. 437 (E.D.Pa.1976). Finally, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

We disagree with each of the federal defendants' propositions. First, with respect to the federal defendants' initial argument, we find that the stipulation agreement entered into between the plaintiffs and the state defendants has no effect upon the plaintiffs' claims against the federal defendants in this litigation for two reasons. First, the stipulation agreement expressly provides that it is not intended to have any effect upon the plaintiffs' claims against the federal defendants. Second, the stipulation agreement simply represents the state defendants' willingness to fully comply with the existing regulations issued by the Labor Secretary. The stipulation agreement by the state defendants to comply with the Labor Secretary's current regulations has no effect upon the plaintiffs' claims against the federal defendants that the regulations, as they presently stand, are insufficient and fail to comply with the statutory requirement of Title III of the Social Security Act.

Second, we find that the Labor Secretary does owe a duty to the plaintiffs to promulgate regulations in an effort to insure that the state unemployment compensation program fully complies with the statutory requirement of substantial compliance. Unemployment compensation benefits fill a "need" of the plaintiffs, as do welfare benefits. *Cf. Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Therefore, unreasonable delays in scheduling hearings and making disbursements to eligible applicants violates the language and purpose of the Social Security Act. *See Wright v. Califano,* Unemployment Insurance Reports (CCH) ¶ 15,272 (N.D.Ill.1977); *accord, White v. Mathews,* 434 F.Supp. 1252 (D.Conn.1976). In *Wright,* the district court held that the Secretary of Health, Education and Welfare has a statutory duty to establish rules and regulations to enforce the standard of promptness. The Connecticut Social Security disability claims system described in *White* included a waiting period averaging anywhere from six and one-half to seven months from the time of the request for a hearing to the entry of judgment. "When the government does not act with reasonable promptness, those claiming total disability are required to bear an unreasonable delay and suffer unwarranted deprivation of that which is lawfully theirs." *White v. Mathews, supra,* 434 F.Supp. at 1261. The State of Maine's failure to provide a denial of disability benefits was found to violate both the Social Security Act and the Administrative Procedure Act in *Caswell v. Califano,* 435 F.Supp. 127 (D.Me.1977). And the causes in both *Hiatt v. Indiana Employment Security Division,* 347 F.Supp. 218 (N.D.Ind.1977), and *Burtton v. Johnson,* 538 F.2d 765 (7th Cir. 1976), held that their respective state programs were not in full compliance with the requirements of the Social Security Act because they failed to provide eligible applicants with unemployment compensation benefits in a manner which complied with the Labor Secretary's regulations and because the method of state administration was not "reasonably calculated to insure full payment of unemployment compensation when due," as required by 42 U.S.C. § 503(a)(1). As a result, both courts also found that the Labor Secretary's current regulations failed to comply with the statutory language and did not outline a system of state compliance that would provide the plaintiffs with benefits "when due."

In *Cal. Dept. of Human Resources Development v. Java,* 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971), the Supreme Court, for the first time, interpreted the "when due" provision of 42 U.S.C. § 503(a)(1). It found that the effect of California's unemployment compensation program was to frustrate the governmental objective of getting money to the unemployed applicant at the earliest time administratively feasible. The Supreme Court also held in *Java* that the state program violated the statutory requirement that state unemployment compensation programs be reasonably calculated to insure payment "when due." "The word 'due' in § 503(a)(1), when construed in light of the purpose of the Act, means the time when payments are first administratively allowed as a result of a

hearing of which both parties have notice and are permitted to present their respective positions." *Cal. Dept. of Human Resources Development v. Java, supra,* 402 U.S. at 133, 91 S.Ct. at 1355. Affirming their holding in *Java,* the Supreme Court in *Fusari v. Steinberg,* 419 U.S. 379, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975), stated that the basic thrust of the "when due" provision is timeliness and that rapidity of administrative review is an important factor in a consideration of statutory compliance.

In light of the aforementioned cases, we must disagree with the federal defendants' second argument that the Labor Secretary owes no duty to the plaintiffs. The statute and regulations benefit no one if not the plaintiffs, and the federal defendants clearly owe a duty to the plaintiffs to insure that the state unemployment compensation system tenders benefits to the plaintiffs "when due."

■ Further, since we find that the federal defendants have a statutory duty to promulgate regulations that require strict compliance from the states, we must also dismiss the federal defendants' third argument. The major cases cited by the federal defendants in their brief are distinguishable, on their facts, from the case *sub judicè.* Both *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and *Graves v. Meystrik,* 425 F.Supp. 40 (E.D.Mo.), *aff'd.,* 431 U.S. 910, 97 S.Ct. 2164, 53 L.Ed.2d 220 (1977), concerned the constitutionality of post-termination hearings and not the statutory requirement of promptness in the scheduling and holding of first- and second-level administrative appeals.

■ Finally, the federal defendants' fourth argument was considered and rejected in *Java* and subsequent decisions. We follow *Java* and the majority of those subsequent decisions in holding that a federal court does have power to entertain the plaintiffs' action and to provide the necessary relief. "It is, on the other hand, peculiarly part of the duty of this tribunal, no less in the welfare field than in other areas of the law, to resolve disputes as to whether federal funds allocated to the states are being expended in consonance with the conditions that Congress has attached to their use." *Rosado v. Wyman,* 397 U.S. 397, 422–423, 90 S.Ct. 1207, 1223, 25 L.Ed.2d 442 (1970). On the basis of the above, we find that this Court has an obligation to hear the plaintiffs' claims and to provide the appropriate relief necessary to safeguard the plaintiffs' rights.

■ In conclusion, we hold that the plaintiffs have stated a claim under their statutory causes of action upon which relief can be granted. Because we find that the plaintiffs have stated a statutory claim upon which relief can be granted, we need not decide at this time whether the plaintiffs have also stated a constitutional claim upon which relief can be granted. Accordingly, for the reasons stated above, the federal defendants' Fed.R.Civ.P. 12(b)(6) motions to dismiss will be denied. An appropriate Order will be entered.