**GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED STATES AND CANADA, AFL–CIO; Local 270, Glass Bottle Blowers Association of the U.S., et al.**

v.

**NATIONAL BOTTLE COMPANY, et al.**

v.

**FIRST PENNSYLVANIA BANK N.A.**

**UNITED GLASS & CERAMIC WORKERS OF NORTH AMERICA, et al.**

v.

**NATIONAL BOTTLE COMPANY, et al.**

v.

**FIRST PENNSYLVANIA BANK N.A.**

Civ. A. Nos. 82–0002, 82–1640.

United States District Court, E.D. Pennsylvania.

Oct. 7, 1983.

Barry M. Bennett, Philadelphia, Pa., Sanford R. Oxfeld, Newark, N.J., for plaintiffs.

James R. Redeker, Thomas L. Heinbach, Steven T. Stern, Philadelphia, Pa., for defendants.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Presently before this court is the motion of third party defendant, First Pennsylvania N.A., to dismiss with prejudice the third party complaint of defendants Keith Sachs, Herbert Sachs, and Saxco International, Inc. pursuant to Federal Rule of Civil Procedure 12(b). For the reasons set forth below the motion of First Pennsylvania N.A. to dismiss the third party complaint will be granted.

### Facts

Plaintiffs Glass Bottle Blowers Association of the United States and Canada, AFL–CIO (GBBA), Local Union No. 270 of the GBBA, and Local Union No. 46 of the GBBA as well as United Glass and Ceramic Workers of North America, AFL–CIO, CLC (UUGW), Local Union No. 416 of the UUGW, and Local Union No. 36 of the UUGW sued defendants National Bottle Co. (National Bottle), First Pennsylvania N.A. (First Pennsylvania), Diamond Glass Co., Domglas, Inc., Saxco International, Inc. (Saxco), Keith Sachs, and Herbert Sachs for claims arising from alleged breach of a labor contract, tortious interference with contract relations and fraud.

Plaintiffs on behalf of the members of their Unions who were at one time employed by National Bottle contend that during the period November 1, 1980 to February 2, 1981 National Bottle failed to make various contractually required payments on behalf of the employees to certain insurance companies. First Pennsylvania, a secured creditor of National Bottle, was charged with tortious interference with the contract between the Plaintiff Unions and National Bottle when the exercise of its rights as a creditor allegedly resulted in National Bottle's failure to make some of the payments.

On November 24, 1982, this court dismissed plaintiffs' complaint against First Pennsylvania in both the *Glass Bottle* and *United Glass* actions pursuant to Fed.R.

Civ.P. 12(b). On March 17, 1983, this court denied plaintiff unions' motion to restore First Pennsylvania as a defendant in the *United Glass* action.

Defendants Keith Sachs, Herbert Sachs and Saxco now seek to have First Pennsylvania reinstated as a party to these actions pursuant to Fed.R.Civ.P. 14. The sole basis for liability alleged in the complaint is that of tortious interference with contract by First Pennsylvania.

### Discussion

Fed.R.Civ.P. 14(a) provides that a defendant, as a third party plaintiff, may serve a complaint upon a party not currently joined in the action "... who is or may be liable to *him* for all or part of the plaintiff's claim against him." In the complaint the third party plaintiff must set forth "... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.Pa. 8(a)(2).

■ This court in rendering judgment on a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) must accept all allegations contained in the complaint as true. Furthermore, all allegations contained in the complaint must be construed in the light most favorable to the third party plaintiff. Finally, the complaint may not be dismissed unless it appears beyond doubt that Keith Sachs, Herbert Sachs, and Saxco can establish no set of facts in support of their claim. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir.1977); *McKnight v. Southeastern Pennsylvania Transportation Authority,* 583 F.2d 1229 (3d Cir.1978).

■ Applying the foregoing standards to the third party complaint filed by Keith Sachs, Herbert Sachs and Saxco I find that First Pennsylvania's motion to dismiss must be granted. The claim set forth in defendants' third party complaint seeks judgment for tortious interference with contract. It is clear that the allegations of the complaint do not, as a matter of law, support this claim.

In order to recover for tortious interference with contract, Pennsylvania law, which has adopted the Restatement (Second) of Torts §. 766 (1977), provides, "One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract *is subject to liability to the other for the pecuniary loss resulting to the other* from the third person's failure to perform the contract." *Adler, Barish, Daniels, Levin, and Creskoff v. Epstein,* 482 Pa. 416, 393 A.2d 1175, 1183 (1978) (Emphasis added). It is clear that in an action for tortious interference with contract, the only person protected "... is the specified person with whom the third person had a contract that the actor caused him not to perform." *See* Restatement (Second) of Torts § 766 comment p (1977).

Assuming defendants Keith Sachs, Herbert Sachs, and Saxco are found liable for the acts of National Bottle, an issue which need not be decided in disposing of this motion, it simply does not follow that the defendants are entitled to recover in an action for tortious interference with contract against First Pennsylvania. If any such cause of action existed it would belong solely to the plaintiff Unions who are the only parties protected in such a tort action under the circumstances of this case.

Accordingly, as defendants Keith Sachs, Herbert Sachs and Saxco cannot be the proper parties to claim relief for tortious interference with contract, their third party complaint must be dismissed.

The foregoing disposition makes it unnecessary to consider First Pennsylvania's additional contentions that the third party complaint must fail because it is barred by the doctrine of the "law of the case."

ORDER DISMISSING THIRD PARTY COMPLAINT OF SAXCO INTERNATIONAL, INC., KEITH SACHS AND HERBERT SACHS AND ORDER STAYING DISCOVERY OF FIRST PENNSYLVANIA

AND NOW, this 7th day of October, 1983, after consideration of the Motion of

Third Party Defendant, First Pennsylvania N.A., to dismiss the Third Party Complaint against it by defendants Saxco International, Inc., Keith Sachs and Herbert Sachs, it is hereby

### ORDERED

that the Third Party Complaint is dismissed with prejudice. It is further ORDERED that defendants are foreclosed from pursuing discovery against First Pennsylvania N.A. as a party.