**James D. HARMAN, on his own behalf, and as representative of all the Citizens of Hegins and Hubley Townships, Schuykill County, PA, and all manufacturers of steel septic tanks in the U.S.**

v.

**Roger WETZEL and James Diehl.**

**Civ. A. No. 90–6049.**

United States District Court, E.D. Pennsylvania.

March 6, 1991.

---

James D. Harman, Lykens, Pa., for plaintiff.

Joseph H. Jones, Jr., Pottsville, Pa., Frank J. Lavery, Jr., Harrisburg, Pa., Frank L. Tamulonis, Jr., Pottsville, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff James D. Harman, appearing *pro se*, brought this law suit on behalf of himself and as a representative of all of the citizens of Hegins and Hubley Townships and all manufacturers of steel septic tanks in the United States for injuries allegedly sustained as a result of defendants' refusal to permit the installation and use of steel septic tanks in Hegins and Hubley Town-

ships. Defendants James Diehl and Roger Wetzel filed a motion to dismiss alleging lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, failure to join an indispensable party, failure to comply with the requirements of Local Rule 27 pertaining to class actions, as well as a motion to compel the retention of counsel.

## I.  STANDARD OF REVIEW

In resolving a motion to dismiss, the court must accept as true all the well-pleaded allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable interpretation of the pleadings, the plaintiff may be entitled to relief. *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 506 (3d Cir.1985); *Helstoski v. Goldstein,* 552 F.2d 564, 565 (3d Cir.1977) (per curiam).

## II.  DISCUSSION

Although plaintiff's complaint is not articulate in its description of the claims presented, this court will discuss each of the seven paragraphs in plaintiff's complaint, each paragraph apparently setting forth a different claim. Although six of the seven counts allege violations of both state and federal law, for the purpose of this motion each count shall be analyzed only with respect to whether plaintiff has set forth a federal question claim upon which relief can be granted. If plaintiff fails to set forth a cognizable federal claim, then this court will have no subject matter jurisdiction over this action.[1]

### 1.  Count I

■ In Count I, plaintiff contends that, on September 2, 1988, defendant Roger Wetzel, acting as Sewage Enforcement Of-

ficer for the Township of Hegins, deliberately prevented plaintiff from using a steel septic tank located at 146 East Main Street in Hegins Township. Plaintiff asserts that Mr. Wetzel's actions were in violation of section 73.31(b)(v) of Chapter 73 of the Pennsylvania Standards for Sewage Disposal Facilities, and that his illegal actions violated plaintiff's constitutional right of equal protection under the fourteenth amendment to the United States Constitution as well as the interstate commerce clause.[2] Under Count I, plaintiff seeks the cost of a new septic system and other related expenses.

Plaintiff appears to assume that, simply because an action may be in violation of a state law, it is automatically a violation of federal constitutional law. Plaintiff's allegation of improper enforcement of the Pennsylvania Sewage Facilities Act, Pa. Stat.Ann. tit. 35, § 750.1 *et seq.,* and regulations promulgated thereunder does *not* constitute a federal cause of action. The Pennsylvania Sewage Facilities Act sets forth the general requirement that no person shall construct or install an individual sewage system without first obtaining a permit in accordance with the standards adopted by the Pennsylvania Department of Environmental Resources. The Act further requires each local agency to employ sewage enforcement officers to administer the provisions of the Act.

The mechanism for challenging the actions or decisions of a sewage enforcement officer are set forth in section 750.16(a). That section provides in pertinent part:

> Any person aggrieved by an action of a sewage enforcement officer in granting or denying a permit under this act shall have the right within thirty days after receipt of notice of the action to request a hearing before the local agency.

---

**1.** Although plaintiff's complaint asserts federal subject matter jurisdiction based upon both federal question, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332, it is clear that diversity of citizenship cannot be a basis of federal jurisdiction because all of the parties are citizens of the Commonwealth of Pennsylvania. Therefore, federal question is the only possible basis for this court's subject matter jurisdiction.

**2.** In four of his seven counts (Counts I, II, III, and IV), plaintiff refers to violations of "interstate commerce laws." However, because plaintiff fails to cite to any federal statute pertaining to interstate commerce laws, this court assumes that plaintiff is referring to the interstate commerce clause in article I, section 8, clause 3 of the United States Constitution.

Therefore, it is clear that plaintiff had an available remedy under the Sewage Facilities Act but failed to avail himself of that remedy.

■ Even assuming that Mr. Wetzel's actions in refusing to permit plaintiff to use a steel septic tank were in violation of the Pennsylvania Sewage Facilities Act and regulations promulgated thereunder, such action does *not* rise to the level of a deprivation of a federal constitutional right. Quite simply, there is no constitutional right to use or install steel septic tanks.

■ Furthermore, in Count I, plaintiff specifically claims a violation of his right to equal protection of the laws and a violation of the interstate commerce clause. Plaintiff's equal protection claim must fail because his complaint fails to include any allegation that Mr. Wetzel treated him differently than Mr. Wetzel treated other similarly-situated people. Likewise, plaintiff's claim for a violation of the interstate commerce clause must fail because the interstate commerce functions, implicitly, as a limitation on state legislative power, *not* as a limitation on the actions of an individual acting under color of state law.

### 2. Count II

In Count II, plaintiff contends that, on May 15, 1990, Mr. Wetzel falsely and maliciously stated to Hubley Township Supervisor Keith Masser that steel septic tanks were illegal and that, as a result of that false statement, his occupancy permit was revoked for property located at 46 A Sacramento in Hubley Township. Just as in Count I, plaintiff maintains that Mr. Wetzel's actions were in violation of Pennsylvania law, as well as the fourteenth amendment and the interstate commerce clause of the United States Constitution. Under Count II, plaintiff seeks damages stem-

ming from the loss of rent generated from that property from the date that his occupancy permit was revoked through the present, as well as punitive damages.

Making a false statement with respect to the legality of steel septic tanks cannot rise to the level of a federal constitutional claim because there is no federal constitutional right to use or install steel septic tanks. Plaintiff's claim for a violation of the interstate commerce clause fails for the same reason as stated with respect to Count I.

### 3. Count III

In Count III, plaintiff alleges that Mr. Wetzel, during his tenure as the Sewage Enforcement Officer, prevented all citizens of Hegins and Hubley Townships from installing or using steel septic tanks. In this count, plaintiff states that "during the entire time [Mr. Wetzel] worked for these townships, not one steel septic tank was approved by him for use by any citizen." On behalf of all of the citizens of Hegins and Hubley Townships, plaintiff contends that Mr. Wetzel's actions were in violation of Pennsylvania law, as well as the fourteenth amendment[3] and the interstate commerce clause of the United States Constitution. Under Count III, plaintiff seeks on behalf of each citizen of both townships the cost of a new septic system, or the difference in the cost between a steel septic system and a concrete septic system.

For the same reasons as stated with respect to Counts I and II, plaintiff has failed in Count III to set forth a viable claim for a violation of the fourteenth amendment or the interstate commerce clause.

### 4. Count IV

■ In Count IV, plaintiff alleges that defendant James Diehl[4] conspired with Roger Wetzel to prevent the citizens of

---

**3.** In Count III, plaintiff does not specify which of his rights under the fourteenth amendment was allegedly violated by Mr. Wetzel's actions. However, if plaintiff was referring to his right to equal protection of the laws, then his own factual allegations negate his claim. The facts alleged in Count III make it clear that Mr. Wetzel treated all similarly-situated people similarly.

**4.** Although plaintiff never explains in his complaint what Mr. Diehl's position was with respect to Hegins and Hubley Townships, the affidavit Earl H. Matz attached to defendants' motion to dismiss states that Mr. Diehl was the Solicitor of Hubley Township. *See* Exhibit 1 to Defendants' Motion to Dismiss.

Hegins and Hubley Townships from using and purchasing steel septic tanks, thereby impeding interstate commerce by preventing out-of-state manufacturers of steel septic tanks from selling their products in Hegins and Hubley Townships. Under this count, plaintiff seeks on behalf of these manufacturers the amount of profits that they lost during the time that the citizens of Hegins and Hubley Townships were prevented from using and installing steel septic tanks.

Plaintiff has no standing to bring this claim on behalf of all out-of-state manufacturers of steel septic tanks. Moreover, as already stated, the interstate commerce clause acts, implicitly, as a limitation on state legislative power, *not* as a limitation on the actions of an individual acting under color of state law.

5. Count V

■ In Count V, plaintiff alleges that Mr. Diehl unlawfully tape recorded his statements without his consent at two separate hearings—"one on September 14, 1990 and the other at the first of two zoning board meetings." Plaintiff maintains that Mr. Diehl's actions were in violation of federal wiretap laws.

With respect to the zoning board meeting, zoning hearings are by definition public meetings within the purview of the Sunshine Act, Pa.Stat.Ann. tit. 65, §§ 271–286. *Appeal of the Emmanuel Church*, 26 Pa. Commw. 427, 433–37, 364 A.2d 536, 540–41 (1976). Section 11 of the Sunshine Act provides that

(a) **Recording Devices.**—Except as provided in subsection (b), a person attending a meeting of an agency shall have the right to use recording devices to record all the proceedings. Nothing in this section shall prohibit the agency from adopting and enforcing reasonable rules for their use under section 10.

(b) **Rules of the Senate and House of Representatives.**—The Senate and House of Representatives may adopt rules governing the recording or broadcast of their sessions and meetings and hearings of committees.

Pa.Stat.Ann. tit. 65, § 281. Accordingly, any citizen who attends a zoning hearing may tape record the hearing, and any citizen who attends and verbally participates in such a hearing must expect to have his statements recorded. *See also* Exhibits 2 and 3 to Defendants' Motion to Dismiss.[5]

■ With respect to the hearing on September 14, 1990, plaintiff does not specify in his complaint the nature of that hearing. However, through the affidavit of Earl H. Matz attached to defendants' motion to dismiss, defendants clarify the nature of that hearing. *See* Exhibit 1 to Defendants' Motion to Dismiss. In his affidavit, Earl H. Matz, Magistrate for District No. 21–3–4 in Schuykill County, states that

on the 14th day of September, 1990 I presided at a hearing held in connection with the citation issued to Mr. James Harman; that James P. Diehl, Esquire prosecuted the action on behalf of the Commonwealth as the Solicitor of Hubley Township; and that the proceedings were recorded by Attorney Diehl by placing a tape recorder in the center of my desk in clear view of the defendant, James Harman, during the hearing, all as permissible and provided for under the Pennsylvania Rules of Criminal Procedure No. 27.

Rule 27 of the Pennsylvania Rules of Criminal Procedure provides in pertinent part as follows:

(a) During a hearing or summary trial the issuing authority shall:

(2) prohibit the mechanical recording of the proceedings by anyone for any purpose, provided that the issuing authority, the attorney for the Commonwealth, or the defendant, may cause such a recording to be made as an aid to the preparation of the written record for subsequent use in a case....

---

**5.** Because matters outside the pleadings were presented to and not excluded by this court, defendants' motion to dismiss shall be treated as a motion for summary judgment. *See* Rule 12(b) of the Federal Rules of Civil Procedure.

Therefore, pursuant to Rule 27, it is clear that Mr. Diehl, as the attorney representing the Commonwealth, had the right and authority to record the testimony of the hearing that took place on September 14, 1990.

Accordingly, Mr. Diehl did *not* violate the Federal Wire Tap Law, 18 U.S.C. § 2510 *et seq.*, because he had authority under Pennsylvania state law to record both public hearings and, therefore, plaintiff cannot claim that he had an expectation of privacy at either hearing. The Federal Wire Tap Act only prohibits the recording of "such oral communications uttered by a person exhibiting an expectation that such communication is not subject to intercepting under circumstances justifying such expectation."

### 6. Count VI

■ In Count VI, plaintiff alleges that Mr. Diehl attempted to coerce him into dropping this lawsuit by having the United States Army Corps of Engineers declare his farm a wetland.[6] Plaintiff claims that Mr. Diehl's attempted coercion violated his civil rights, as well as his rights under the fourteenth amendment to the United States Constitution, and seeks punitive damages.

Regardless of whether Mr. Diehl coerced plaintiff or whether Mr. Diehl ever contacted the U.S. Army Corp of Engineers, plaintiff's claim is totally without merit. All that Mr. Diehl "threatened" to do was to engage in conduct that was perfectly legal—to contact the U.S. Army Corp of Engineers to ask them to determine whether a particular piece of property was a wetland. If the U.S. Army Corp of Engineers had determined that plaintiff's property was a wetland subject to the Clean Water Act, such a determination, regardless of whether it was made as the result of an inquiry on the part of Mr. Diehl, is the sole determination of the Army Corp of Engineers and in no way implicates liability on the part of Mr. Diehl. Therefore, because Mr. Diehl had the right to make an inquiry to the U.S. Army Corp of Engineers, his communication to plaintiff of his intent to make such an inquiry regarding plaintiff's property cannot be considered a violation of plaintiff's federal constitutional rights. In other words, a threat to pursue a course of conduct that is legal cannot state a federal claim upon which relief can be granted.

### 7. Count VII

■ In Count VII, plaintiff contends that Mr. Wetzel, as Sewage Enforcement Officer of Hubley Township, deliberately and maliciously violated the very laws that he was appointed to enforce by not permitting plaintiff to use a steel septic tank system that was already in place on plaintiff's property in Hubley Township. Plaintiff further contends that Mr. Wetzel discriminated against him by permitting Mrs. Robert Bixler to connect to an existing system and not permitting plaintiff to do the same, and that this act of discrimination violated his right to equal protection under the fourteenth amendment. Under Count VII, plaintiff seeks punitive damages as well as costs incurred in this lawsuit.

In Count III, plaintiff alleges that "Mr. Wetzel has prevented all the residents of Hegins and Hubley Township from installing or *using* steel septic tanks during the entire time of his appointments as Sewage Enforcement Officer for these Townships." And in Count IV, plaintiff alleges that "James Diehl conspired with Roger Wetzel to prevent all the citizens of Hubley and Hegins Townships from *using* and purchasing steel septic tanks." Therefore, according to plaintiff's own allegations, Mr. Wetzel, during his tenure as the Sewage Enforcement Officer, treated all similarly-situated people similarly by not permitting any of the citizens of Hegins and Hubley Townships to install or use steel septic tanks. Accepting as true these allegations as well as the allegation in Count VII that Mr. Wetzel permitted Mrs. Bixler to connect to an existing system but did not

---

**6.** It is assumed that plaintiff's allegation is to the effect that, if plaintiff proceeded with his lawsuit, Mr. Diehl threatened to contact the Army Corp of Engineers to have them determine whether plaintiff's property was a wetland and, as such, subject to regulation under the Federal Water Pollution Control Act or the Clean Water Act, 33 U.S.C. § 1251 et *seq.*

permit plaintiff to do the same, it follows that the existing septic tank system on Mrs. Bixler's property was *not* a system made out of steel. Accordingly, plaintiff's equal protection argument must fail because Mrs. Bixler and plaintiff were *not* similarly situated in that Mrs. Bixler's existing system was *not* made out of steel and plaintiff's existing system was.

## III. CONCLUSION

Defendants' motion to dismiss shall be granted because plaintiff has failed to set forth a federal question claim upon which relief can be granted and, hence, this court lacks subject matter jurisdiction over this action.