Louis **MILBURN**, Plaintiff,

v.

Walter **FOGG**, Deputy Superintendent, Green Haven Correctional Facility, Stormville, New York, Defendant.

**No. 74 Civ. 5298–LFM.**

United States District Court, S. D. New York.

May 7, 1975.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for defendant; David L. Birch, Deputy Asst. Atty. Gen., of counsel.

Louis Milburn, pro se.

## OPINION

MacMAHON, District Judge.

Defendant Walter Fogg, Deputy Superintendent of Green Haven Correctional Facility, Stormville, N. Y., moves under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for legal insufficiency.

Plaintiff pro se, Louis Milburn, presently confined in Green Haven Correctional Facility, is serving a term of from twenty years to life for first degree possession of dangerous drugs. He brings this civil rights action, pursuant to 42 U.S.C. § 1983, and seeks injunctive and monetary relief. The suit attacks solely the conditions of plaintiff's confinement and is therefore properly brought under the Civil Rights Act.[1]

The allegations of the complaint must be taken as true for the purposes of this motion.[2] Allegedly, plaintiff was

---

1. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

2. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Sczerbaty v. Oswald, 341 F.Supp. 571, 572 (S.D.N.Y.1972).

"keep-locked" when he refused to give written permission to the institution to deduct the cost of replacing a picture identification card from his account if he should ever lose the card originally issued to him. After five days of keep-lock, he appeared at an Adjustment Committee disciplinary proceeding. He was then released from keep-lock but was deprived temporarily for an unspecified time of commissary, hobby shop, package, visiting and recreational privileges. He alleges that he was never given a copy of the charges against him. Nor was he permitted to make a statement at the disciplinary proceeding. He admits committing the infraction in question.

■ Plaintiff is not entitled to the full panoply of due process safeguards for these minor day-to-day disciplinary measures which fall short of solitary confinement or loss of good-time credits and merely entail short keep-lock and temporary loss of privileges.[3]

While, at first blush, plaintiff's claim bears some resemblance to the situation in Wright v. McMann [4] (refusal to sign a work safety sheet), that case is clearly distinguishable since the grossly excessive penalties [5] imposed for the infraction there contrast sharply with the relatively mild penalties allegedly imposed here.

■ The day-to-day operations of the state prison system are best left to the discretion of personnel trained to deal with the situations as they arise, and federal courts should not intervene absent a significant deprivation of an inmate's constitutional rights.[6]

Accordingly, defendant's motion to dismiss the complaint is granted.

So ordered.

3. Wolff v. McDonnell, 418 U.S. 539, 571–572 n. 19, (1974); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972).

4. 387 F.2d 519 (2d Cir. 1967), on remand 321 F.Supp. 127, 130 (N.D.N.Y.1970), aff'd in part, rev'd in part, 460 F.2d 126 (2d Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972).

5. Plaintiff was kept sometimes or always completely naked in a "strip cell" without even a bed for eleven days in 1965 and twenty-one days in 1966.

6. Inmates of Attica Correctional Facility v. Rockefeller, 453 F.2d 12 (2d Cir. 1971). See Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973).