Russell McKinley **KNOTT**

v.

Kenneth E. **KERKHOFF, Sheriff.**

Civ. A. No. 74–C–108(H).

United States District Court,
W. D. Virginia,
Harrisonburg Division.

March 15, 1976.

Russell McKinley Knott pro se.

John N. McCune, Com. Atty., Luray, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

This is an action for damages pursuant to 42 U.S.C. § 1983 brought by a former prisoner at the Page County Jail against the Sheriff of this county. The plaintiff charges that he was isolated for a period of fifteen days without any charge being levelled against him or any probable cause for such incident. He asserts the loss of certain privileges and seeks the sum of ten thousand dollars for mental disorder, loss of personal property, and legal documents. The defendant in this action has moved for summary judgment and submitted his personal affidavit along with the affidavit of the chief correctional officer in the jail.

These affidavits are in agreement that there is no solitary confinement at the Page County Jail, but that on or about September 24, 1974 the plaintiff was moved from a cell block of six individual cells and a day room area to an individual cell on the second floor. The affidavits assert that during the time the plaintiff was in this cell he did receive the privileges accorded other inmates. Furthermore affiant Kerkhoff asserts that the plaintiff was removed to the second floor because a folding knife was discovered on the plaintiff in a routine shakedown and coupled with the knowl-edge plaintiff had escaped before, previously had cut his hand, and had a history of aggressive behavior, this transfer was ordered. In counter-affidavits, plaintiff states that the assertions in defendant's affidavits that a folding knife was taken from him during a routine shakedown, and that he was allowed privileges given to other inmates are not true.

Read liberally, plaintiff's complaint seeks damages for the failure of defendant to afford him the procedural safeguards he is entitled to in a disciplinary proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff*, of course, outlined certain procedural requirements that prison administrators must afford a prisoner before they can deprive him of accumulated "good time" credits or confine him to "solitary" for serious misconduct. Here, though, plaintiff does not take issue with the statements of Jenkins and Kerkhoff that there is no solitary at the Page County Jail. It occurs to this court then that what is involved here is the imposition of a much lesser penalty than any of the ones enacted in *Wolff*, and that consequently *Wolff* is not applicable. See *Wolff, supra,* footnote 19, 572–573, 94 S.Ct. at 2982–2983, 41 L.Ed.2d at 960–961; *Milburn v. Fogg*, 393 F.Supp. 1164 (S.D.N.Y.1975).

The decision to transfer a prisoner to segregated confinement as a minor disciplinary measure is one that is better left up to the discretion of prison officials absent any *evidence* of harshness or arbitrariness. In this situation, plaintiff has stated mere conclusory allegations, and resorted to no facts other than to claim a loss of certain privileges. Having been transferred to another correctional facility, plaintiff would not be entitled to any injunctive relief as this claim would be moot. Thus to be awarded damages in this action, he would need to prove the "bad faith" of the defendant in carrying out the acts with which he is charged. *Skinner v. Spellman*, 480 F.2d 539 (4th Cir. 1973). While this court recognizes that the good or bad faith of a penal official is a factual issue

not to be decided on motion for summary judgment, this court notes that the plaintiff here has not outlined any facts that would support a charge of bad faith. Furthermore, this court cannot allow a plaintiff to proceed forward to a plenary hearing without some indication of *specific* damages for which the plaintiff could be compensated. Here the plaintiff has made mere conclusory allegations of damages that do not convince this court that facts exist to support a damage claim.

This court is of the opinion that a federal court ought not to tamper with the prison administration in a minor disciplinary matter such as this. To require procedural due process in every discretionary matter in a prison would be tremendously burdensome to prison administration. See *Fitzgerald v. Procunier,* 393 F.Supp. 335 (N.D.Cal.1975), footnote 1. Accordingly, this court herein awards summary judgment to the defendant in this action, and this case is stricken from the docket.