David F. CLARK et al., Plaintiffs,

v.

Thomas J. LUTCHER et al., Defendants.

Civ. No. 77–563.

United States District Court,
M. D. Pennsylvania.

Dec. 28, 1977.

Leavens & Younkin, Shamokin, Pa., for plaintiffs.

J. Andrew Smyser, Deputy Atty. Gen., Vincent X. Yakowicz, Sol. Gen., Robert P. Kane, Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants Lutcher, Peterson, McGlynn.

Roger V. Wiest, Charles H. Saylor, Wiest & Wiest, Sunbury, Pa., for Brittain and Kreisher.

John A. Mihalik, Bloomsburg, Pa., for plaintiff in criminal action.

## OPINION

MUIR, District Judge.

David F. Clark and his parents, Franklin Clark and Pauline Clark, have filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendants, three members of the Pennsylvania State Police and two state prosecutors, have violated David F. Clark's constitutional right not to be arrested without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution. Currently pending before the Court are the Clarks' motions for a protective order staying the taking of depositions by the Defendants and for a continuance of the trial and Defendants' motions for summary judgment. The Court will deal with these matters *seriatim*.

On November 17, 1977, Clark's counsel received notice of the Defendants' intention to depose the Plaintiffs, John A. Mihalik, Esq., and Gary M. Bittenbender on December 1, 1977. On November 25, 1977, Plaintiffs filed a motion for protective order staying the depositions accompanied by a brief. On November 29, 1977, Defendants filed a brief in opposition to that motion. As of the date of this Order, no reply brief has been filed.

The Clarks contend that permitting Defendants to take the depositions of David F. Clark, John A. Mihalik, who is David F. Clark's attorney in a criminal case currently pending against David F. Clark in the Commonwealth of Pennslyvania, and Gary M. Bittenbender, an investigator working for Attorney Mihalik, will violate David Clark's privilege not to incriminate himself under the Fifth Amendment of the United States Constitution and Attorney Mihalik and investigator Bittenbender's privilege under the "work product" doctrine, see *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and the Attorney-client privilege.

▮ Rule 26(c) of the Federal Rules of Civil Procedure states that the Court in which a civil action is pending may enter an order to protect a party or a person from whom discovery is sought from undue burden including an order that the discovery may be had at a specific time and place. The Court believes, however, that Plaintiffs' motion to stay the taking of these depositions until after the criminal trial of David F. Clark by the Commonwealth of Pennsylvania, for which no date has been set, is completed is not warranted by the circumstances of this case. A broad protective order staying the taking of depositions pending the resolution of criminal proceedings against David F. Clark would relieve him of his choice of whether to assert his privilege against self-incrimination when questioned by Defendants. Although a person may not be compelled to testify in violation of the privilege, or risk losing some other constitutional right by his assertion of the privilege, see *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), that situation does not exist when civil discovery is sought from a party in the case. Therefore, the party has no constitutional right not to be put to the choice of whether he will assert his Fifth Amendment privilege and if he desires to assert the privilege he must invoke it in response to specific questions from the party seeking discovery. *See United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *see also United States v. Simon,* 373 F.2d 649 (2d Cir.) *vacated as moot,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967). The United States Court of Appeals for the Third Circuit made it clear in *DeVita v. Sills,* 422 F.2d 1172 (3d Cir. 1970) that Courts in this circuit should follow that procedure. Moreover, before a deposition is taken, the Court cannot know what percentage, if indeed any, of the questions to be asked by Defendants require an answer protected by the Fifth Amendment. Therefore, the application is premature at this time. David F. Clark can clearly object to answering any questions which he believes intrude into the protected area. *See Perry v. McGuire,* 36 F.R.D. 272 (S.D.N.Y.1964). Therefore, the motion for a protective order staying the taking of the deposition of David F. Clark will be denied.

Similar reasoning applies to the motion to stay the taking of the depositions of John A. Mihalik, Esq. and Gary M. Bittenbender. Although each party asserts a privilege which might be intruded upon by the taking of a deposition, the extent of the intrusion cannot be determined at this time. Further, if a party in a civil action must be put to the choice of whether to exercise his constitutional rights under the Fifth Amendment, there is even less justification for refusing to force parties to be put to the choice of exercising privileges which are not as firmly rooted in the law of the land. Again, nothing in this Order prevents either Attorney Mihalik or Mr. Bittenbender from objecting to the specific question at the time of the deposition. The request for a protective order staying their depositions will also be denied. No reasons were advanced for staying the taking of Mr. and Mrs. Clark's depositions so their motion will also be denied.

Under F.R.Civ.P. 26(c) the Court may order that any party or person provide or permit discovery if a motion for a protective order is denied. The taking of depositions objected to by Plaintiffs was originally scheduled for December 1, 1977 but the time for filing the last brief directed to the issue did not expire until December 6, 1977. The motion for a stay was filed six days before the scheduled date of the deposition. Therefore, the Court will direct that the Clarks, Attorney John A. Mihalik, and Garry M. Bittenbender make themselves available for depositions upon the giving of at least six days' notice by Defendants.

The Clarks have also moved to continue the trial of this case until after all the criminal matters pending against David F. Clark in the Commonwealth of Pennsylvania have been completed. They allege that to force David F. Clark to present his case in this Court before his criminal trial in the state court would substantially prejudice his defense to the criminal charges. Defendants oppose the continuance on the ground that any prejudice resulting to David F. Clark would be of his own making because he is a voluntary participant in this civil suit. Although the trial of this case, originally scheduled for January, 1978, has been postponed until April, 1978, the Court will assume that the Clarks still desire a continuance until after the completion of the state proceedings.

■ It is unquestioned that the Court's control of its docket, including the power to grant stays, rests in the sound discretion of the trial judge. The Court must weigh all the factors involved, including the saving of time and effort by the Court, counsel, and the litigants, any hardship on either party, and the expedition of the case on the Court's calendar. *See United States v. Mellon Bank,* 545 F.2d 869 (3d Cir. 1976); *Texaco, Inc. v. Borda,* 383 F.2d 607, 608 (3d Cir. 1967) *quoting Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Although a possibility for prejudice to David F. Clark exists if he is forced to try this case before the Commonwealth has completed its criminal proceedings against him, the Court does not believe that this factor is outweighed by the need for prompt adjudication of civil matters in the federal courts. Decision on a motion to suppress evidence decided in favor of David F. Clark in the state proceeding is now pending in the Pennsylvania Supreme Court and no briefing schedule has yet been set. His criminal trial cannot commence until that appeal is decided. Neither party has indicated that the trial will be held at any time in the foreseeable future. A delay of even one year would have the effect of keeping Defendants under the threat of impending civil liability for an unjustifiable period of time. As time progresses, evidence becomes stale, memories dim, and the search for truth, always a difficult task, becomes more and more burdensome. Therefore, after weighing all of the competing factors, the Court will deny Plaintiffs' motion for a trial continuance.

On November 22, 1977, Defendants Brittain and Kreisher filed a motion for summary judgment accompanied by a brief and supported by affidavits and a transcript of the preliminary hearing in the case of *Commonwealth of Pennsylvania v. David F.*

*Clark* conducted in the Court of Common Pleas of Montour County, Pennsylvania. On November 30, 1977, Defendants Lutcher, Peterson, and McGlynn, filed a motion for summary judgment accompanied by an affidavit and a brief. The Clarks filed a responsive brief with supporting affidavits on December 7, 1977. All of the Defendants filed reply briefs on December 12, 1977.

Defendants Brittain and Kreisher, both of whom are the prosecuting attorneys in the state criminal proceedings pending against David F. Clark, contend that they are protected from liability under 42 U.S.C. § 1983 by virtue of their prosecutorial immunity or, in the alternative, that they enjoy a limited good faith immunity from liability. In support of those contentions, they allege that any actions which they took against David F. Clark were within the scope of their prosecutorial functions and not, as Plaintiffs have alleged, a part of the investigation of David F. Clark's possible involvement with the crimes for which he has been charged. Therefore, they ask the Court to grant summary judgment in their favor on the strength of *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), Imbler had turned himself into the police following an attempted robbery in which one person was killed. He was convicted by a jury and was denied relief both on direct appeal and on a petition for a writ of habeas corpus in the State of California. A federal district court granted his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the State elected not to retry him, Imbler filed suit against Pachtman, the prosecuting attorney, pursuant to 42 U.S.C. § 1983. The United States Supreme Court held that so long as a prosecutor acts within the scope of his prosecutorial duties, he enjoys absolute immunity from liability under § 1983. This immunity extends to a prosecutor's decision to proceed with a suit against a criminal Defendant and his conduct of the ensuing litigation. *See also Yaselli v. Goff,* 12 F.2d 396 (2d Cir. 1926), *aff'd per curiam,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927). The Court emphasized that a prosecutor may proceed with a case even though it involves a sharp conflict in the evidence because a prosecutor might believe that the jury should be the final arbiter.

■ Prosecuting attorneys may also become actively involved in the investigation of criminal activity and the arrest of criminal defendants. The Court in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), expressly reserved the question of whether a prosecutor also enjoyed absolute immunity from liability when performing these kinds of functions. Other Courts faced with that question have decided that the quasi-judicial immunity of a prosecutor does not extend to his investigatory activities, *see Apton v. Wilson,* 165 U.S.App.D.C. 22, 30, 506 F.2d 83, 91 (1974); *accord Burkhart v. Saxbe,* 397 F.Supp. 499, 503 n. 4 (E.D.Pa.1975), or in deciding that a prosecutor's activities were within the scope of his official immunity, have drawn the distinction between investigatory and prosecutorial activities. *See Weathers v. Ebert,* 505 F.2d 514, 517 (4th Cir. 1974); *Barnes v. Dorsey,* 480 F.2d 1057, 1060 (8th Cir. 1973); *cf. Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977). The United States Court of Appeals for the Third Circuit has recently given passing consideration to this problem in *Jennings v. Shuman,* 567 F.2d 1213 at 1221–1222 (3d Cir. 1977), (dictum). The Court stated that its decision in *United States ex rel. Rauch v. Deutsch,* 456 F.2d 1301 (3d Cir. 1972) (per curiam), which predated *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and held that a state prosecutor was immune from liability under § 1983 "while performing his official duties," should be read in light of *Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977) and the reasoning in *Imbler* to extend such immunity only to those duties performed by a prosecutor "as an officer of the court . . . ." In this Court's view, investigative activities fall outside the prosecutor's role as an officer of the Court and a prosecutor is subject to liability to the same extent as any other investigator acting un-

der color of state law. Therefore, it is clear that the Court may grant summary judgment in favor of Defendants Brittain and Kreisher on the strength of their official immunity only if no dispute exists as to the activities which they performed in connection with the investigation of David F. Clark.

Defendant Brittain's affidavit states that he did not actively participate in the police investigation of David F. Clark but was informed of the progress of that investigation and that the arrest, which occurred on June 28, 1976 took place without his knowledge or approval. He did, however, arrange an interrogation of David F. Clark in which sodium amytal was used on June 10, 1976, 18 days before the arrest. Mr. Brittain states that his decision to prosecute David F. Clark was not based upon a desire to obtain evidence against a third party, one Harold Ashton, as Plaintiffs allege, that Mr. Brittain is not aware of any evidence which conclusively establishes David F. Clark's innocence, and that Mr. Brittain engaged in plea bargaining with John A. Mihalik, Clark's counsel. Mr. Kreisher's affidavit is similar in that he also states he did not participate in the police investigation.

The Plaintiffs' response states that the answer filed in this case by Defendants Lutcher, McGlynn, and Peterson sets forth in Paragraphs 12 and 13 that Defendants Brittain and Kreisher agreed before the arrest of David F. Clark that probable cause existed and that each was informed of the ongoing investigation and made recommendations from time to time as to how that investigation should be conducted. An affidavit of Pauline Clark states that following the arrest Mr. Brittain and Mr. Kreisher informed her that they were interested in evidence only against Harold Ashton. An affidavit of John A. Mihalik, Clark's counsel, states that Defendants Brittain and Kreisher asked him prior to the arrest of David Franklin Clark if Clark would testify against Ashton and that from June 15, 1976 through November of 1976 both informed Attorney Mihalik that they were not interested in David F. Clark except for the testimony which he could give against Harold Ashton.

The Clarks contend in their complaint that Defendants' actions in arresting, incarcerating, and interrogating David F. Clark violated his constitutional rights under the Fourth and Fourteenth Amendments. However, it is clear that under *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), Defendants Brittain and Kreisher enjoy absolute immunity from liability for their decision to bring criminal charges against David F. Clark regardless of their motive or whether they believed that he was in fact guilty of the crime charged. Therefore, Plaintiffs' contentions that Defendants Brittain and Kreisher can be held liable under § 1983 for their decision to prosecute David F. Clark and their decision not to drop the charges against him solely to maintain pressure on him to incriminate Harold Ashton may not form the basis for civil liability. Defendants Brittain and Kreisher's activities prior to the arrest stand in a different light. Although both Defendants contend that they did not participate in the police investigation, Defendant Brittain admits to having arranged a pre-arrest interrogation of David F. Clark and the affidavit of Attorney Mihalik says that both Defendants informed him 13 days prior to the arrest of David F. Clark that they desired him to supply them with information concerning Harold Ashton's participation in the crime. The Court believes that the documents before it indicate that a factual dispute exists as to whether Defendants Brittain and Kreisher participated in the police investigation and caused the arrest of David F. Clark for the purposes of obtaining evidence against Harold Ashton. Under *Apton v. Wilson,* 165 U.S.App.D.C. 22, 506 F.2d 83 (1974), such activities fall outside of the normal scope of the prosecutorial function and the prosecutor's absolute immunity does not apply to them. Therefore, because an issue exists as to a material fact, the matter is not appropriate for summary judgment. See F.R.Civ.P. 56. Defendants Kreisher and Brittain's motion for summary judg-

ment based upon their absolute immunity as state prosecutors will be denied.

 All Defendants have contended that they are entitled to summary judgment because the evidence indicates that they acted in good faith and that they did not know nor should they have known that David F. Clark's constitutional rights had been violated. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Skehan v. Board of Trustees of Bloomsburg State College*, 538 F.2d 53 (3d Cir. 1976). Plaintiffs argue, and the Court agrees, that the question of Defendants' subjective good faith is a matter ordinarily not appropriate for resolution by means of a motion for summary judgment. In addition to examining the facts surrounding Defendants' actions in arresting David F. Clark, the trier of fact must determine whether their statements that they were unaware of any constitutional violation which might have occurred are credible. Their affidavits do not provide a basis for determining the issue of credibility. *See Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976); *Shifrin v. Wilson*, 412 F.Supp. 1282, 1297 (D.D.C.1976), *citing* C. Wright & A. Miller, *Federal Practice and Procedure*, § 2730 at 583–84 (1973); *Knott v. Kerkhoff*, 410 F.Supp. 1236 (W.D.Va. 1976); *see generally C. M. Clark Ins. Agency v. Reed*, 390 F.Supp. 1056 (S.D.Tex.1975). Therefore, Defendants' motion for summary judgment on the ground that they acted in good faith will be denied.

 The Court's decision to deny Defendants' motions for summary judgment leaves open the question of whether a constitutional violation has occurred in this case. Defendants have stated that the question facing the Court is not whether probable cause existed to arrest David F. Clark but whether Defendants acted in good faith, citing *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, the defense of good faith on the part of Defendant state officials is never reached until a constitutional violation has been made out. Thus, the essential element

of a cause of action under 42 U.S.C. § 1983 alleging a violation of the Fourth Amendment is an arrest without probable cause in violation of that Amendment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Giordano v. Lee*, 434 F.2d 1227 (8th Cir. 1970), *cert. denied* 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971). Because Defendants have not asserted that David F. Clark's constitutional rights were not violated by his arrest on June 28, 1976, the Court need not resolve that issue at this time.