**FEDERAL INSURANCE COMPANY**

v.

**Randy AYERS, Joseph Geltz, and Thomas N. Petro.**

**Civ. A. No. 89–8831.**

United States District Court,
E.D. Pennsylvania.

Oct. 4, 1990.

J. Charles Sheak, Pennington, N.J., for plaintiff.

David L. Deratzian, Thomas Colas Carroll, Glenn C. Equi, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant Thomas N. Petro filed a second motion to dismiss and for reconsideration of this court's Memorandum and Order dated June 26, 1990, 741 F.Supp. 1179. In this motion defendant Petro reiterates his prior argument that plaintiff, as a subrogated surety, does not have standing to assert a cause of action under RICO.

1. "Person" includes any entity that may legally

However, defendant Petro also raises another issue which he did not raise in his prior motion. He argues that, as a matter of public policy, a subrogated surety should not be permitted to recover treble damages and counsel fees under RICO. The facts of this action are outlined in my Memorandum and Order dated June 26, 1990 and shall not be repeated here.

"Any person [1] injured in his business" by a RICO violation may bring a private action under the RICO statute. 18 U.S.C. § 1964(c). This language is interpreted broadly to include any injury to business resulting from the predicate acts. *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Furthermore, a RICO plaintiff need not show that it was the intended victim of the racketeering activities; all it need show is that it was injured by one or more of the predicate activities comprising the RICO pattern of racketeering. *Town of Kearny v. Hudson Meadows Urban Renewal,* 829 F.2d 1263, 1268 (3d Cir.1987).

As I concluded in my Memorandum and Order dated June 26, 1990, it is clear that plaintiff's monetary loss flows directly from the various predicate acts committed by the defendants and, therefore, constitutes an injury to plaintiff's business sufficient to satisfy the requirements for standing under the federal RICO statute. *See, e.g., General Accident Ins. Co. of America v. Fidelity and Deposit Co. of Maryland,* 598 F.Supp. 1223 (E.D.Pa.1984) (a fidelity bond surety properly pleaded a violation of RICO by asserting a racketeering injury to its bondholder); *Levey v. E. Stewart Mitchell, Inc.,* 585 F.Supp. 1030, 1032–33 (D.Md. 1984) (court and parties recognized that payment bond surety could be a proper RICO plaintiff for injuries sustained as a result of having to pay out under the bond). Defendant Petro has stated nothing in support of his second motion to dismiss to convince me to change that conclusion.

Defendant also contends that, under the doctrine of subrogation, there is no basis to sue for treble damages and attor-

own property. 18 U.S.C. § 1961(3).

ney fees. In support of that argument, defendant Petro states that the general rule of subrogation is that a subrogee is entitled to indemnity only to the extent of the money actually paid to discharge its obligation, and, therefore, that plaintiff should not be able to recover any more than it paid to its insured. Defendant Petro urges this court to interpret RICO so as to prevent insurance companies from recovering a "windfall" in the amount of treble damages and attorney fees when by contract those insurance companies only have a right to recover the money that they actually pay out to discharge their contractual obligations. In other words, defendant contends that this court should judicially legislate that the remedies of treble damages and attorney fees are not available in RICO actions involving particular types or classes of plaintiffs. Defendant Petro cites no statutory or case law authority that supports such a proposition.

■ In the present case, plaintiff's insured, Marcy Fitness Products ("Marcy"), assigned over to plaintiff all claims that it had or may have against defendants in exchange for $125,000 paid under Marcy's crime insurance policy issued by plaintiff. The broad nature of this assignment would obviously include RICO claims. As long as all the pleading requirements are met, a plaintiff may pursue a RICO claim which it acquired through an assignment. *See, e.g., In re National Mortgage Equity Corporation Mortgage Pool Certificates Securities Litigation,* 636 F.Supp. 1138, 1155–56 (C.D. Cal.1986) (holding that RICO treble damage claims are assignable); *Levey v. E. Stewart Mitchell, Inc.,* 585 F.Supp. 1030, 1033 (D.Md.1984) (recognizing that RICO claims can be assigned).

Therefore, because (1) RICO claims (including claims for treble damages) are assignable, and (2) defendant Petro has cited no statutory or case law that supports his argument that a subrogee should not be able to recover treble damages and attorney fees under RICO, I conclude that his argument is without merit. Because plaintiff has met all the pleading requirements under RICO, I conclude that plaintiff has

standing to sue defendants for treble damages and attorney fees under RICO.

An appropriate order follows.

### ORDER

Upon consideration of defendant Petro's second motion to dismiss and for reconsideration, plaintiff's response, and for the reasons stated in the attached memorandum, defendant's motion is DENIED.

IT IS SO ORDERED.